J-A21005-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| BEVERLY E. BROWN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CATHY S. BOYER, ESQUIRE AND BOYER, PAULISICK & EBERLE, | |
| Appellees | No. 206 WDA 2017 |

Appeal from the Order January 12, 2017
In the Court of Common Pleas of Butler County
Civil Division at No(s):  2014-10798

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.:    FILED MAY 18, 2018

I respectfully dissent.  I would affirm the trial court's order sustaining the preliminary objections filed by Cathy S. Boyer, Esq., and Boyer, Paulisick & Eberle (collectively "Law Firm") and dismissing Beverly E. Brown's ("Ms. Brown") second amended complaint with prejudice.

As noted by the trial court, Ms. Brown's legal malpractice complaint sets forth causes of action for negligence and breach of contract.  Law Firm's response via their preliminary objections asserts that the complaint fails to state a claim upon which relief may be granted due to a lack of recoverable damages, proof of which is a required element for success on either cause of action.  In relation to the damages issue, the trial court explains:

> In this case, the damages sought by [Ms. Brown] are speculative at best.  The amount [Ms. Brown] claims in damages in her Second Amended Complaint is that which she would

receive under her ex-husband's Pension, in the event said Pension was available to her. However, as previously stated, [Ms. Brown's] ex-husband's Pension would not have been available to her with or without Attorney Boyer's advice. That is, no action or inaction of [Ms. Brown's] counsel would have resulted in [Ms. Brown's] ability to receive her ex-husband's Pension in any form. Therefore, it is a remedy that is unavailable as a matter of law rather than as a result of any wrongdoing by counsel.

Further, even if armed with the knowledge that her ex-husband's Pension Plan did not provide her with a separate annuity [and] [Ms. Brown] would have negotiated differently, no change in negotiation tactic would have provided her with a separate annuity. In fact, [Ms. Brown] did have the opportunity to continue negotiations well after the acknowledgement of the mistake on January 24, 2012, and thus a new May 7, 2015, "Domestic Relations Order" was entered. See Butler County Family Court Docket No. 2010-90027-D. While this may not reflect everything [Ms. Brown] desired to receive in the divorce proceedings, it does represent to this [c]ourt that some measure of correction was undertaken. Notwithstanding, even if no such order existed, there is no way to know exactly what [Ms. Brown] would or would not have foregone, or received in further negotiations with her ex-husband prior to the January 24, 2012, QDRO, so that any claim to the contrary would be wholly speculative.

It is for the same reasons enumerated above that [Ms. Brown] cannot prove that her claim in the underlying divorce action was a viable one with respect to the Slippery Rock Borough Pension Plan. Stated differently, [Ms. Brown] has no ability to prove her "case within a case," if only because what she seeks as damages are not available as a matter of law.

Trial Court Memorandum Opinion (TCMO), 1/12/17, at 4-5. Essentially, the trial court concluded that "the damages claimed as a result of the [Law Firm's] alleged wrongdoings are either speculative at best, or totally unavailable to [Ms. Brown] as a matter of law, at worst." Id. at 6.

I also note that Ms. Brown failed to acknowledge that after the parties were notified on January 24, 2012, that the QDRO could not be accepted as a qualified plan, further negotiations were undertaken and a domestic relations order was entered on May 7, 2015, that specifically related to the pension plan. That order is not contained in the record of this case. Rather, it appears that it is listed in the Butler County Family Court Docket relating to the underlying case. Thus, this Court does not have access to that order or its contents. The trial court here recognized that although the May 7, 2015 order did not necessarily "reflect everything [Ms. Brown] desired to receive in the divorce proceedings, it does represent ... that some measure of correction was undertaken." Id. Essentially, the trial court concluded that despite the May 7, 2015 order, "there is no way to know exactly what [Ms. Brown] would or would not have foregone, or received in further negotiations with her ex-husband prior to the January 24, 2012[] QDRO, so that any claim to the contrary would be wholly speculative." Id.

I agree and would conclude that the trial court did not err. Accordingly, I would affirm the trial court's order that sustained Law Firm's preliminary objections and dismissed Ms. Brown's second amended complaint with prejudice.